1  Richard Lyon (Cal. Bar No. 229288)
2  rick@dovel.com
   DOVEL & LUNER, LLP
3  201 Santa Monica Blvd., Suite 600
   Santa Monica, California 90401
4  Telephone: (310) 656-7066
   Facsimile: (310) 656-7069
5
6  Zachary Arbitman*
   zarbitman@feldmanshepherd.com
7  FELDMAN SHEPHERD WOHLGELERNTER
   TANNER WEINSTOCK & DODIG, LLP
8  1845 Walnut Street, 21st Floor
   Philadelphia, PA 19103
9  Telephone: (215) 567-8300
10 Facsimile: (215) 567-8333

11 *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYNA CLARK, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>NORDIC NATURALS, INC.,<br><br>    *Defendant*. | Case No. 5:24-CV-04058<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO HER FIRST SET OF DISCOVERY REQUESTS**<br><br>Judge: Hon. Susan Van Keulen<br><br>Motion Filed on June 11, 2025 |

**NOTICE OF MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 22, 2025 at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Judge Susan van Keulen, Plaintiff Dayna Clark will and hereby does move before this Court for an Order compelling responses, without objection, to her first set of discovery requests (the "Motion"). This Motion is brought pursuant to Fed. R. Civ. P. 37(a)(3)(B) and Civil L.R. 37-1. The Motion is based on this notice of Motion, the memorandum in support of the Motion, the Declaration of Zachary Arbitman, and exhibits attached thereto.

**STATEMENT OF RELIEF SOUGHT (L.R. 7-2(B)(3))**

Plaintiff seeks an order compelling response, without objection, to her First Set of Discovery Requests propounded on Nordic Naturals on April 28, 2025. *See* Exhibit A. Nordic Naturals has failed to respond to these requests, despite the parties meeting and conferring about the issue. *See* Decl. of Zachary Arbitman at Exhibit B.

**INTRODUCTION**

This consumer class action alleges that heart-healthy advertisements on bottles of Nordic Naturals fish oil capsules are false and misleading because the capsules do not benefit heart health and, even worse, harm it by increasing the risk of atrial fibrillation. *See* Compl. at ECF #1. This Court accepted the bulk of Plaintiff's allegations as well-pled and denied Nordic Naturals's Motion to Dismiss in doing so. *See* Order and Opinion at ECF #64.

With the instant Motion, Plaintiff seeks to compel full-and-complete responses to discovery requests she served on April 28, 2025. *See* Exhibit A. This Court previously advised, during the parties' April 23 hearing, that it would be placing this case on an expedited discovery and summary judgement schedule. *See, e.g.,* Tr. At 22: 13-18. In accordance with this directive, Plaintiff served interrogatories and document requests straight away. *See* Exhibit A.

Nordic Naturals has since sought to avoid answering Plaintiff's discovery requests at every turn. Nordic Naturals first filed a motion to stay the very discovery schedule that it requested. ECF #57. Nordic Naturals argued that this Court should stay discovery pending resolution of *Bowler v. Nestle Health Science U.S., LLC (D/B/A Nature's Bounty)*, Case No. 2:24-cv-06521-MCS-JPR (C.D. Cal. Jan. 28, 2025) *appeal docketed*, No. 25-1239 (9th Cir. Feb. 26, 2025) and a institute a protective order from discovery pending resolution of that appeal.

Curiously, Nordic Naturals filed its Motion to Stay and for a Protective Order less than a month after submitting an Updated Joint Case Management Statement where it requested, over Plaintiff's objection, expedited discovery and motions for summary judgment. ECF #52 at 11 ("[i]t will be most efficient for the Court and the parties, both in terms of time/judicial resources and expense, to structure discovery and motion practice in the case to address this science/merits question first, before all other issues, including class certification."). What's more, the *Bowler* appeal on which Nordic Naturals predicates its Motion was docketed nearly ***two months before*** Nordic Naturals's submitted the Updated Joint Case Management Statement asking for expedited discovery and summary judgment. *Bowler*, Case No. 2:24-cv-06521-MCS-JPR at ECF #31, *appeal docketed*, No. 25-1239 (9th Cir. Feb. 26, 2025). Nordic Naturals should not be allowed to

1

reverse course now and pause the very schedule that it sought. *See, e.g.*, Mot. to Stay Opp. at ECF #62.

In addition to its motion practice, Nordic Naturals has obstructed Plaintiff's discovery efforts directly. *See* Arbitman Decl. at Ex. B. On April 24, the day after the parties' hearing before the Court, Plaintiff reached out to defense counsel to negotiate a case management statement reflecting the directives given during the conference. *Id.* Plaintiff's email was met with a request for consent to a motion to stay. *Id.* But Plaintiff did not feel as though she could consent to such a request given the Court's directives at the April 23 hearing. *See, e.g.*, Tr. at 22: 15-18.

But Plaintiff did send a draft proposed scheduling order that sought to find common ground: requiring the parties to exchange initial disclosures and negotiate this District's form ESI and Protective Orders, but tabling Nordic Naturals's discovery responses until two weeks after the Court decided its Motion to Stay. *See* Arbitman Decl. at Ex. B. This compromise would have allowed Nordic Naturals to conserve resources, while the Court was evaluating its stay motion, and given Plaintiff some certainty as to how much time she had to discover her case. Yet Nordic Naturals rejected this compromise primarily because Plaintiff would not acquiesce to its demand, in direct contravention of this Court's directives, that expert reports be produced prior to the close of fact discovery. *See* Arbitman Decl. at Ex. B; *see also* April 23 Transcript at 14: 12-23.[1]

After more than a month of attempting to negotiate the proposed scheduling order, the parties unfortunately reached an impasse. *See, e.g.*, Arbitman Decl. at Ex. B. This Motion follows, as the Court has not entered a stay or protective order and Nordic Naturals has no basis for avoiding its discovery obligations. Plaintiff must push discovery forward given the fast-tracked discovery

---

[1] ("MR. MCDONALD: And in our view it would be that the only way for us to evaluate and make a motion for summary judgment is once Plaintiffs serve an expert report on that issue, then we could take depositions and then look for summary judgment.

THE COURT: And I'm saying that there's other discovery which may be necessary which is related, which is clearly salient to that question. So in terms of time frames, how quickly do the parties think they can get it done, in terms of that discovery needed for that -- for that summary judgment motion -- for that limited discovery – the early discovery -- the early summary judgment motion?")

2

timeline that Nordic Naturals itself requested. The Court should therefore grant her Motion and compel Nordic Naturals's full-and-complete responses to her First Set of Discovery Requests.

# ARGUMENT

## I. Legal Standard

Federal Rule of Civil Procedure 37 permits a party to "move for an order compelling disclosure or discovery," including when a party "fails to answer an interrogatory submitted under Rule 33 [or] fails to produce documents…as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Similarly, the party responding to requests for production of documents must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2).

## II. Nordic Naturals has no basis for its failure to respond to discovery.

Plaintiff properly served Nordic Naturals with her First Set of Discovery Requests on April 28, 2025. *See* Exhibit A. Pursuant to Rules 33 and 34, this means that Nordic Naturals' responses were due on May 28, 2025. *See* Fed. R. Civ. P. 33(b)(2) and Fed R. Civ. P. 34(b)(2(a). Counsel for Plaintiff and Nordic Naturals met via video conference on May 14, 2025, and continued to confer in a series of emails over the following weeks, regarding the timing of discovery. *See* Decl. of Zachary Arbitman at Exhibit B. During that meet-and-confer process, Plaintiff's counsel extended the courtesy of extending the time for Nordic Naturals to respond to the First Set of Discovery Requests. *Id.* But Nordic Naturals has failed to respond.

Nordic Naturals has no basis for this failure, because its pending Motion to Stay and for a Protective Order, absent an Order from this Court, does not stay discovery. "Although a pending motion for a protective order is a necessary condition to be excused for failure to [meet discovery requirements], it is not sufficient." *Rockwell v. Progressive Ins.*, 2025 WL 1370670, at *9 (D. Ak. May 12, 2025). "The mere filing of a motion for a protective order does not relieve" a party of its discovery duties, because "it is for the court, not the [party] or his counsel, to relieve"

the party from discovery obligations. *Id.* And, while a pending motion for a protective order prevents may protect a party against the imposition of discovery sanctions, it does not protect the party from its obligations to respond to interrogatories or requests for production. *See Amobi v. District of Columbia Dept. of Corrections*, 257 F.R.D. 8, 11 (D.D.C. 2009) ("The fact that conduct is not sanctionable under Rule 37 does not render it proper, however.").

Here, the Court has not ruled on Nordic Naturals' Motion to Stay and For a Protective Order, and therefore the mere filing of this Motion is insufficient to relieve Nordic Naturals of its duty to respond to Plaintiff's First Set of Discovery Requests. To make matters worse, Nordic Natural's Motion for a Protective Order does not make a single substantive objection to Plaintiff's First Set of Discovery Requests. Instead, it simply argues that discovery should be stayed since its motion to stay "could ultimately result in disposition of the entire case." ECF #57 at 7. Unsurprisingly, courts have rejected this exact argument. *Woodway USA, Inc. v. LifeCORE Fitness, Inc.*, 2023 WL 8264464, at *3 (S.D. Cal. Nov. 29, 2023) ("In addition, a pending Motion to Stay is not in itself good cause for the requested protective order.") (quoting *C.R. Laurence Co., Inc. v. Frameless Hardware*, 2022 WL 2035955, at *2 (C.D. Cal., Jan. 13, 2022); *see also Harbert v. Priebe*, 2007 WL 760532, at *1 (N.D. Cal. Mar. 9, 2007) (finding a party's separate motion for protective order seeking to stay discovery before resolution of motion to stay to be "premature and possibly superfluous" and requiring the party to appear at deposition if noticed by defendants). But, even if that argument had merit, Nordic Naturals has not lodged a single specific objection to the substance of Plaintiff's requests in its Motion to Stay and for a Protective Order, which was filed *after* Nordic Naturals had already been served with the First Set of Discovery Requests.

**III.   Nordic Naturals has waived its right to object to the requests.**

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992) (citing *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981)). Nordic Naturals has waived its right to object to Plaintiff's First Set of Discovery Requests, especially given its conduct in this litigation, where it first sought an expedited discovery schedule over

Plaintiff's objection, and then, after obtaining an expedited discovery timeline, reversed course and now moves to stay the litigation entirely. The Court should therefore order Nordic Naturals to respond in full and without objection to Plaintiff's First Set of Discovery Requests.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion to Compel Nordic Naturals to respond to Plaintiff's First Set of Discovery Requests, in full and without objections, within seven (7) days.

Dated: June 11, 2025                                    Respectfully submitted,

By: /s/ *Zachary Arbitman*
Zachary Arbitman*
George Donnelly*
FELDMAN SHEPHERD
WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T: (215) 567-8300

Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066

*admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

### Certificate of Service

I, Zachary Arbitman, certify that I have served a copy of this filing and its accompanying documents on all counsel of record in this action via the Court's electronic filing system.

/s/ *Zachary Arbitman*
Zachary Arbitman

5