UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNA CLARK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORDIC NATURALS, INC., <br><br> Defendant. | Case No. 24-cv-04058-EKL  (SVK) <br><br> **ORDER FOR EXCHANGE OF INFORMATION, MEET AND CONFER AND SETTING DISCOVERY HEARING** <br><br> Re: Dkt. Nos. 116, 118 |

The Court has before it the Parties Joint Submission addressing disputes over the number of Defendant's custodians, the relevant time period for document production and appropriate search terms. Dkt. 118. The Parties also filed a request to file excess pages and exhibits. Dkt. 116. The Court, and the Parties, will benefit from further meet and confer efforts in accordance with this ORDER and, if necessary, an **in-person** discovery hearing. **Both the meet and confer session and the hearing will be conducted by counsel with <u>full authority to negotiate and compromise the disputed issues</u>.** To facilitate the Parties' meet and confer and preparation for the hearing, the Court **ORDERS** as follows:

1. Underlying the dispute regarding custodians, and the adjacent issue of production of organizational charts, is the dispute regarding the relevant time period. Plaintiffs' request for ten years prior to filing suit based on the timing of certain studies may be overbroad; Defendant's limitation based on the four-year statute of limitations, plus 18 months, may be too narrow. In the Parties' pre-hearing meet and confer, as ordered below, and if necessary at the hearing, Defendants will be prepared to identify the time period in which Nordic Naturals Fish Oil Capsules were in development and the time period in which they were sold with the "heart health" label. These parameters are not dispositive but will assist the Parties and the Court in determining a relevant and proportional time frame, as required

United States District Court
Northern District of California

by Rule 26(b)(1).

2. The Court turns next to the production of organizational charts, which may inform the proper number of custodians.  Defendants represent that they have produced complete organizational charts for the marketing and product development departments from their designated time period.  Marketing and product development would appear to be relevant departments, though they may not be the only ones.  In the pre-hearing meet and confer, and if necessary at the hearing, Defendants will identify all of the Nordic Naturals' departments from 2015 to present, in an effort to determine which additional departments, if any, would be relevant and proportional to the case at hand.

3. Turning to the issue of custodians, Plaintiffs identify nine individuals, in addition to the two already proffered by Defendants, for a total of eleven.  Defendants offer to add four of those nine to their original two, for a total of six.  Informed by the information above, the Parties will make a good faith effort to close the gap.

4. Regarding search terms, neither Party's presentation in the Joint Submission is helpful to the Court.  In the meet and confer, each side is to produce a list of not more than ten search terms and to identify where there is sufficient common ground that agreed-upon terms can be constructed.  Any remaining disputes will be addressed at the hearing.

5. **No later than February 11, 2026**, the Parties will meet and confer in accordance with both this Order and this Court's standing order, which requires in relevant part that meet and confers be conducted either by video or in person.  Exchange of emails or phone calls is not sufficient.

6. If issues remain unresolved, the Court will hold an in-person hearing on **February 17, 2026 at 11 a.m**.  **Counsel must be prepared to remain at Court the full business day for further meet and confer as necessary to resolve all outstanding issues**.  **No later than 12 p.m. on February 13, 2026**, the Parties are to submit a joint statement, not to exceed five pages, that identifies in bullet-point format the remaining issues in dispute and includes a table format identifying side's proposed search terms that remain in dispute.

7. Finally, the Court admonishes the Parties that the request for excess pages was wholly unnecessary.  These disputes could easily have been presented in a single ten-page

submission in accordance with this Court's standing order. Indeed, between them, the Parties submit more than seven pages of unnecessary background and meet and confer detail – most of which is then repeated in the substantive arguments.  The Court sets page limits to conserve not only judicial resources but also the Parties' resources, and in this case, the Parties are well-advised to adhere to the page limits in all future filings.  If there are references to documents that Court would benefit from reviewing, it will ask for them. In the further interest of efficiency, the Court will grant the current request and accept the overly long joint submission in this instance, but the Parties have been forewarned.

**SO ORDERED.**

Dated: February 4, 2026

SUSAN VAN KEULEN
United States Magistrate Judge