UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAYNA CLARK, et al.,

Plaintiffs,

v.

NORDIC NATURALS, INC.,

Defendant.

Case No. 24-cv-04058-EKL   (SVK)

**ORDER RE DISCOVERY DISPUTE AT DKT. 126;  SETTING DISCOVERY HEARING**

Re: Dkt. No. 126

Before the Court is the Parties' Joint Submission pursuant to which Plaintiffs move to compel Defendant to include its Slack database, from 2017-present, in its custodial searches. Dkt. 126 at 1.  Plaintiffs claim that Defendant's email production demonstrates that Slack is regularly used by Defendant for business discussions. *Id*. at 3.  In support of their position, Plaintiffs referred to a handful of Defendant's emails, which the Court requested and has reviewed.  Dkt. 128-2.  Defendant argues that retrieval and search of its Slack message would be an undertaking massive in volume and therefore is not proportional to the needs of the litigation, which Defendant describes as just "about science." *Id*. at 8;  Dkt. 126-4 (Declaration of Robert Fried;  "Fried Declaration").  In light of the Joint Submission and supporting documents and the relevant law, the Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.  Pursuant to its review of the emails relied upon by Plaintiffs, the Court found that most of the emails provided are from the 2024-2025 timeframe[1] with only three references to Slack, two of which are very general in nature and not supportive of Plaintiff's request.   More helpful to Plaintiff, one email refers to

---

[1] These emails refer to the Chen report, published in May of 2024, which figures prominently in the Complaint and the First Amended Compliant.  *See* Dkt. 1, 68.

reviewing a Slack message from 2022 to determine the origin of certain statistics relied upon by the Defendant in marketing materials. Dkt. 128-2 at 19, 32. Significantly, Defendant does not deny that it uses Slack for business discussions. See, Dkt. 126. Instead, Defendant describes how it must export Slack messages for all users before it can search specific custodians and search terms and the effort that the export and search would require. Dkt. 126-4. Defendant does not address with any specificity the time and cost involved in these efforts. *Id*. Helpful to the Court, Defendant's expert attests that Defendant's Slack license allows it to export data in a specific date range. Dkt. 126-4 ¶ 7.

Evaluating all of the foregoing, the Court recognizes Slack as a viable source of potentially responsive documents which was used by Defendant's employees for business discussions. Further, this case is not only about the science; it is at least in part about what Defendant knew about the science. *See, e.g.*, Dkt. 68 at ¶¶ 78-91 (Third Cause of Action), ¶¶ 134-143 (Ninth Cause of Action). However, Plaintiffs' evidence does not support a search from 2017. Considering the claims and defenses in this action and the arguments presented by both sides, the Court determines that the proportional time frame for export and search of Defendant's Slack database is from January 1, 2022 to filing of the initial complaint in July, 2024. Defendant is to take immediate action to export its Slack messages in that time frame. Once exported, with the volume of messages in mind, the Parties will meet and confer regarding relevant custodians and search terms. If the Parties are unable to reach agreement, the Court will hold a hearing in two weeks, on **May 5, 2026 at 10 a.m**. by video-conference. **No later than 12 noon on May 4, 2026**, the Parties must either 1) submit a joint statement not to exceed 4 pages with their respective positions and attaching a chart setting out the disputed custodians and search terms; or 2) inform the Court that its further assistance is not required.

**SO ORDERED.**

Dated: April 20, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

2