United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAYNA CLARK, et al.,
Plaintiffs,
v.
NORDIC NATURALS, INC.,
Defendant.

Case No. 24-cv-04058-EKL (SVK)

**DISCOVERY ORDER RE DKT. 169**

Re: Dkt. No. 169

The Court has reviewed the Parties' arguments in the Joint Submission in which Plaintiff seeks production of financial documents and a Rule 30(b)(6) deposition addressing those documents. The Court has considered the Joint Submission, along with the relevant litigation history and applicable law. This matter may be decided without oral argument. Civ. L.R. 7-1(b). The disputed requests for production ("RFPs") seek product-based financial information, which Defendant states that it, a privately held company, does not maintain. The disputed requests and the Court's reasoning and ruling as to each are set forth below.

**Plaintiffs' RFP No. 51**

> Documents sufficient to show, on a monthly basis, and broken down by state, your revenue, costs (including costs of goods sold), and profits for each Product sold during the Relevant Time Period.

Dkt. 169-3.

As for revenue, both sides refer to previously produced sales data, although it is unclear from the Joint Submission if this data is by product or company-wide. Whichever is the case, it appears to be sufficient, and the Parties' arguments focus on costs and profits. As for costs of goods sold, Plaintiff states that during the meet and confer process, Defendant offered to produce costs-of-good-sold data for 2025 and 2026. Dkt. 169 at 2. In the Joint Submission, Defendant

does not deny its previous offer but now argues that it would be unduly burdensome to produce such data. *Id.* at 7. Again, neither side is very clear as to whether the proffered or burdensome data would be broken down by product. As for profit, Defendant is clear that it does not maintain product-based profit information. *Id.* at 6.

Defendant is correct that it cannot produce product-based documents that do not exist. However, Federal Rules of Civil Procedure 1 and 26(b)(1), read together, require that the Parties, with the assistance of the Court where needed, work together for the efficient production of relevant and proportional discovery. Accordingly, the Court **ORDERS** as follows: In light of the claims in this action, Defendant will produce what cost and profit information it has for the relevant time period. If only company-wide cost and profit data is available, then the company-wide data is sufficiently relevant and proportional to the needs of the case. Fed. R. Civ. Proc. 1, 26(b)1. The weight and implications of such evidence can, and certainly will, be debated as the litigation progresses but on the record in this case, do not forestall production.

**Plaintiffs' RFP No. 53**

Your financial statements, including profits and loss statements, concerning your Products, on a monthly and quarterly basis, during the Relevant Time Period.

Dkt. 169-3.

Here again Defendant's response is that, as a privately held company, it does not maintain profit information on a per product basis. The Court **ORDERS** as follows: As reasoned above, if Defendant only has company-wide profit data not broken down by product, then that is the data that is proportional to the needs of the case and will be produced. Fed. R. Civ. Proc. 1, 26(b).

////

////

////

////

////

////

**Production and Deposition Dates**

In light of the impending holiday and December 2, 2026, close of discovery, the Court **ORDERS** Defendant to produce responsive documents **no later than December 4, 2026** and to **produce a 30(b)6 witness to testify regarding the same no later than December 11, 2026.** The Parties may negotiate modest extensions to these deadlines without leave of Court only if such extension does not otherwise disrupt the case calendar.

**SO ORDERED.**

Dated: November 20, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California